IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERNEST ENAX,

        Plaintiff,

v.                                             Civil No. 8:10-cv-2652-RAL-TBM

COMMISSIONER OF INTERNAL
REVENUE,

        Defendant.
_____

UNITED STATES' MOTION TO DISMISS
WITH MEMORANDUM OF LAW IN SUPPORT

        The United States of America, on behalf of the improperly named Commissioner of Internal Revenue, moves the Court to dismiss Plaintiff's Complaint with prejudice pursuant to Rules 12(b)(1), (4), and (5) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, insufficient process, and insufficient service of process.  On November 24, 2010, Plaintiff filed his Civil Complaint (Doc. 1) in this action seeking a refund of money levied to pay his outstanding federal tax liabilities, and seeking to have this Court issue an order enjoining the Internal Revenue Service from continuing to levy in excess of 15% of his Social Security benefit checks.  However, as set forth in the memorandum of law which follows, Plaintiff's Complaint fails to establish that this Court has subject matter jurisdiction over the causes of action he has raised.  Therefore, the Court should dismiss Plaintiff's Civil Complaint with prejudice.

**MEMORANDUM OF LAW**

FACTS

On or about November 24, 2010, Plaintiff Ernest Enax filed his Civil Complaint (Doc. 1) against the Commissioner of Internal Revenue[1] alleging that the IRS has unlawfully levied in excess of 15% of his social security benefit checks. (Compl. ¶ 5.) Mr. Enax alleges that the IRS levy has been ongoing from October 2003 through November 2010, and that in excess of $51,000 has been levied. (Compl. ¶¶ 5, 7.) Mr. Enax alleges to have sent a letter with respect to the levy to his local Taxpayer Advocate and the Internal Revenue Service's offices in Washington, D.C. (Compl. ¶ 8, Ex. 2.) Mr. Enax alleges that he sent those letters more than six months prior to filing his Complaint, and that he has exhausted all administrative remedies. (Compl. ¶¶ 9-10.)

ARGUMENT

The Court lacks subject matter jurisdiction over the Plaintiff's complaint because Plaintiff has failed to identify a waiver of sovereign immunity by the United States. Moreover, to the extent Plaintiff attempts to bring a refund suit under 26 U.S.C. § 7422, he has not alleged sufficient facts to establish the Court's subject matter jurisdiction over a cause of action under that statute, specifically, that he has exhausted administrative remedies. The

---

[1] Plaintiff's Complaint identifies the Commissioner as the only Defendant. However, the Commissioner is not a proper defendant to this action. To the extent Plaintiff has alleged a cause of action, that action is against the United States. *See* 26 U.S.C. § 7422(f) (the only proper party defendant in a suit seeking a refund of internal revenue tax is the United States).

court also lacks jurisdiction to issue an injunction or declaratory relief against the IRS as Plaintiff requests.

I.   **This Court Lacks Subject Matter Jurisdiction Over the Action Against the United States.**

This Court should dismiss this action because Plaintiff has failed to establish subject matter jurisdiction. It is well settled that the United States, as sovereign, is immune from suit unless it has consented to be sued, *see United States v. Dalm*, 494 U.S. 596, 608 (1990); *United States v. Sherwood*, 312 U.S. 584, 586 (1941), and that the United States may define the terms and conditions upon which a litigant may proceed. *See United States v. Testan*, 424 U.S. 392, 399 (1976). It is also well settled that the burden to prove subject matter jurisdiction is on Plaintiff. *See Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005) (burden to establish subject matter jurisdiction is on party seeking to invoke that jurisdiction). Plaintiff's Complaint should be dismissed because, quite simply, it fails to carry that burden.

"Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir.1990). A "facial attack" on the complaint, requires the court to "look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *Id.* at 1529, quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.1980). The second type of attack is a "factual attack" on the existence of subject matter jurisdiction which looks beyond the pleadings. *Id.* The United

States bring this motion as a facial attack to Plaintiff's complaint. On its face, Plaintiff's complaint fails to establish subject matter jurisdiction in multiple ways–any one of which would warrant dismissal on subject matter jurisdiction grounds: (1) Plaintiff fails to identify a waiver of sovereign immunity that confers subject matter jurisdiction over this action; (2) the complaint fails to plead sufficiently that Plaintiff has satisfied the prerequisites to instituting a refund suit; (3) the relief sought in the complaint is barred by the Anti-Injunction Act; and (4) the relief sought in the complaint is barred by the Declaratory Judgments Act.

### A. This Court lacks subject matter jurisdiction because Plaintiff has failed to plead an applicable waiver of sovereign immunity.

As noted above, the United States is immune from suit unless it has consented to be sued, *see Dalm*, 494 U.S. at 608; *Sherwood*, 312 U.S. at 586. The burden to prove subject matter jurisdiction is on Plaintiff, and his complaint fails to carry even the burden of pleading. *See Sweet Pea Marine, Ltd.*, 411 F.3d at 1248 n. 2 (burden to establish subject matter jurisdiction is on party seeking to invoke that jurisdiction); *See also Lane v. Pena*, 518 U.S. 187, 192 (1996). The complaint identifies 26 U.S.C. § 7442 as the basis for this Court's jurisdiction over this action. However, that statute neither constitutes a waiver of sovereign immunity, nor confers jurisdiction on this Court, but rather merely refers to the jurisdiction of the United States Tax Court. The complaint fails to identify any other basis for this Court's jurisdiction. Therefore, because the complaint does not identify an applicable waiver of sovereign immunity, it fails to establish subject matter jurisdiction on its face and should be dismissed accordingly.

> B. **This Court lacks subject matter jurisdiction because Plaintiff has failed to plead sufficiently that he has satisfied the prerequisites to institute a refund suit**.

Plaintiff requests the Court to order the IRS to refund funds levied from his social security benefits. (Compl., Prayer, ¶ 1.) To the extent such a request could be construed as asserting a claim for a tax refund, the Court lacks subject matter jurisdiction to entertain such a suit. The United States has conditionally waived sovereign immunity with respect to suits for the refund of taxes in 28 U.S.C. § 1346(a)(1). But that waiver of sovereign immunity is specifically limited by 26 U.S.C. § 7422, which requires that the taxpayer first comply with requirements applicable to the filing of tax refund claims. 26 U.S.C. § 7422(a) provides in pertinent part that:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected... until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

Plaintiff alleges that he "has exhausted all administrative remedies." (Compl. ¶ 10.) However, this conclusory allegation is not sufficient to satisfy the jurisdictional prerequisites to the institution of a refund suit.[2] Indeed, the totality of the facts alleged by Plaintiff

---

[2] Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). But, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

demonstrate that he failed to exhaust his administrative remedies prior to filing this suit. Therefore, this Court lacks subject matter jurisdiction over any refund suit by Plaintiff.

One of the jurisdictional prerequisites to a refund suit is that the challenged tax assessment must be paid in full. *Flora v. United States*, 362 U.S. 145, 150-51 (1960). Plaintiff's complaint fails to satisfy this prerequisite because it nowhere alleges that he has fully paid a disputed federal tax liability. In fact, Plaintiff's complaint nowhere identifies any disputed federal tax liability at all. Further, to the extent Plaintiff seeks an injunction against future levies, he suggests that any disputed tax liability is not yet fully paid.

Another jurisdictional prerequisite to a refund suit is that the taxpayer must file an appropriate claim for refund. 26 C.F.R. 301.6402-2 and 26 C.F..R. 301.6402-3. *See also Dalm*, 494 U.S. at 602; *United States v. Felt & Tarrant Mfg. Co.*, 283 U.S. 269, 272 (1931); *Boyd v. United States*, 762 F.2d 1369, 1371 (9th Cir. 1985) ("If the refund claim does not meet the requirements of the Code and the regulations, the suit must be dismissed"). Nowhere in the complaint does Plaintiff allege facts demonstrating that he has made a proper claim for refund. He claims to have mailed a letter to the IRS Taxpayer Advocate's Service in Plantation, Florida and to the Internal Revenue Service's offices in Washington, D.C. (Compl. ¶ 8.) A copy of the letter is attached to the complaint. (Compl., Ex. 2.) Nevertheless, that letter does not constitute an "appropriate claim for refund" as defined by the Code and regulations. The applicable Treasury Regulations set forth various requirements for a claim for refund. *See, e.g.* 26 C.F.R. § 301.6402-2. Plaintiff's complaint fails to allege that he met those requirements in multiple ways. For example, Plaintiff does

- 6 -

not allege that he filed a claim for refund in which he provided a statement of the grounds and facts supporting the claim which was "verified by a written declaration that it is made under the penalties of perjury." *Id.*[3] Nor does he allege to have sent a claim for refund to the proper office identified in the regulation. *Id.* Indeed, although Plaintiff identifies amounts he claimed were wrongfully levied, Plaintiff fails to identify any legal or factual grounds establishing a basis for a refund of those amounts. Therefore, Plaintiff's own allegations establish that he has not filed a proper claim for refund and, thus, has not satisfied this jurisdictional prerequisite either.

Because Plaintiff's Complaint fails to plead that he has met two key jurisdictional prerequisites to a refund suit, he cannot establish that the United States has waived its sovereign immunity under section 7422 of the Internal Revenue Code.

    **C.**    **This Court lacks subject matter jurisdiction because the Anti-Injunction Act bars the relief sought by Plaintiff.**

Plaintiff's complaint, in its "Prayer for relief," requests the Court order the IRS to discontinue its levy, at least in part. (Compl., "Prayer" ¶ 2.) To the extent that this request seeks injunctive relief, the relief Plaintiff is seeking is barred by the Anti-Injunction Act, 26 U.S.C.§ 7421(a).

---

[3] In the letter attached to Plaintiff's complaint as Exhibit 2, he refers to 26 C.F.R. § 301.7433-1(e)(1). That regulation is not applicable to claims for refund. Even if it were, his letter fails to exhaust the administrative requirements under that regulation because it does not provide his taxpayer identification number, telephone numbers, or convenient times at which to contact him. 26 C.F.R. § 301.7433-1(e)(2)(i). Furthermore, as the letter plainly states, it was not sent to the correct office of the Internal Revenue Service. 26 C.F.R. § 301.7433-1(e)(1).

Section 7421(a) provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person . . . ." The manifest purpose of Section 7421(a) is "to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sum be determined in a suit for refund." *Enochs v. Williams Packing Navigation Co.*, 370 U.S. 1 (1962); *see also Meyer v. Everson*, 2006 WL 2583699, at *4 (M.D. Fla. Sept. 7, 2006) Although there are limited statutory exceptions to the Act, none apply here.[4]

The limited judicial exception to the Anti-Injunction Act recognized by the Supreme Court in *Williams Packing* also does not apply under the facts as alleged by Plainitff. Under *Williams Packing*, this Court could properly issue an injunction only if (1) it is clear that under no circumstances could the United States prevail, and (2) the taxpayer lacks an adequate remedy at law. *See Williams Packing*, 370 U.S. at 7. When applying this judicial exception, the court must view both the facts and the law in the light most favorable to the

---

[4] Internal Revenue Code Sections 6212 and 6213 apply when a taxpayer seeks review by the Tax Court of a notice of deficiency; while, section 6015(e) concerns Tax Court review of innocent spouse determinations. Similarly, section 6330(e)(1) only applies to certain collection due process proceedings in Tax Court. None of the other statutory exceptions apply: section 6331(i) prohibits levy during the pendency of a suit for refund of a divisible tax (such as a trust fund recovery penalty assessed pursuant to section 6672(a)); section 6672(c) applies only when a responsible person has filed a bond within 30 days of the assessment to ensure collection; sections 6225 and 6246 apply in partnership tax assessments; section 6694 applies to certain return preparer penalty proceedings; section 7426 applies in certain third-party wrongful levy actions; section 7429 applies in proceedings to review jeopardy assessments; and section 7436 applies to proceedings to determine employment status. Plaintiff has alleged no facts establishing the applicability of any of those exceptions to this action.

United States. *See Williams Packing*, 370 U.S. at 7; *Lange v. Phinney*, 507 F.2d 1000, 1006 (5th Cir. 1975).

In this case, based on the allegations contained in the complaint, Plaintiff cannot show that the United States has no possibility of prevailing. In fact, quite the opposite appears to be true. Plaintiff contends that the IRS may not levy in excess of 15% of his social security benefit. (Compl. ¶ 5, "Prayer" ¶ 1, Ex. 2.) However, he has not provided any legal support for that contention. Assuming, arguendo, that the IRS has levied in excess of 15% of Plaintiff's social security benefit payments, multiple courts have held that it is lawful for the IRS to do so. *See Hines v. United States*, 658 F. Supp. 2d 139, 146 (D.D.C. 2009) (social security retirement benefits not subject to the 15% cap on continuous levy found in 26 U.S.C. § 6331(h)); *Beam v. United States*, 2007 U.S. Dist. LEXIS 42903 (D. Or. 2007).[5] Consequently, Plaintiff cannot meet the first prong of the *Williams Packing* exception, and is therefore not entitled to an injunction.

Even if Plaintiff could demonstrate that the United States was unlikely to prevail in this action, the judicial exception to the Anti-Injunction Act would not apply because the Plaintiff has adequate remedies at law to redress his purported claims. To the extent Plaintiff is seeking a refund of federal tax which is not owed, Plaintiff has an adequate remedy at law. He may fully pay the tax liability, exhaust his administrative remedies, and then institute a

---

[5]Although one bankruptcy court appears to have held otherwise, that decision provides only a limited rationale for its decision based on a single, unexplained quote within the legislative history. *Anderson v. IRS* (*In re Anderson*), 250 B.R. 707, 710 (Bankr. D. Mont. 2000) (debtor's future social security benefits subject to 15% cap).

refund suit. 26 U.S.C. § 7422; *Flora v. United States*, 362 U.S. 145, 150-51 (1960). To the extent Plaintiff believes the IRS has engaged in erroneous collection activities that have caused him damage, he may file an appropriate claim under 26 U.S.C. § 7433 for redress. The existence of these remedies renders his sought-for injunction unavailable.

### D. The Declaratory Judgment Act precludes Plaintiff's claims

Plaintiff's complaint may be construed as seeking a declaratory judgment that the IRS's levy of his social security benefits is illegal. (Compl., "Prayer" ¶ 1.) The Declaratory Judgment Act, 28 U.S.C. § 2201(a), however, does not authorize federal courts to issue declaratory judgments "with respect to Federal taxes." Thus, under the Declaratory Judgment Act, suits for declaratory relief in federal tax cases, aside from limited exceptions,[6] are not permissible. *See, e.g., Hughes v. United States,* 953 F.2d 531, 536-37 (9th Cir. 1992); *Jensen v. I.R.S.*, 835 F.2d 196, 198 (9th Cir. 1987). No other statute or case law provides jurisdiction for this Court to grant declaratory judgment in this case. Therefore, this Court lacks jurisdiction to grant Plaintiff this requested relief.

---

[6]The Declaratory Judgment Act includes an exception for "actions brought under section 7428 of the Internal Revenue Code of 1986." Section 7428 does not apply because it addresses declaratory judgments relating to the status and classification of organizations under 26 U.S.C. § 501(c)(3).

CONCLUSION

For the foregoing reasons, Plaintiff's Complaint should be dismissed with prejudice.

Dated: January 13, 2011                    Respectfully submitted,

                                                JOHN A DICICCO
                                                Acting Assistant Attorney General

                                    By: s/ Michael W. May
                                        MICHAEL W. MAY
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        Post Office Box 14198
                                        Ben Franklin Station
                                        Washington, D.C.  20044
                                        Telephone: (202) 616-1857
                                        Facsimile: (202) 514-9868
                                        e-mail: michael.w.may@usdoj.gov

                                        Of counsel:
                                        ROBERT E. O'NEILL
                                        United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2011, I electronically filed the foregoing UNITED STATES' MOTION TO DISMISS WITH MEMORANDUM OF LAW IN SUPPORT with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document by first-class mail to the following non-CM/ECF participant:

Ernest Enax
6319 12th Street North
St. Petersburg, FL 33702

    s/ Michael W. May
Trial Attorney, Tax Division
U.S. Department of Justice