**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ERNEST ENAX,

*Pro se* Petitioner,

v. CASE NO: 8:10-cv-2652-T-26TBM

COMMISSIONER OF INTERNAL REVENUE,

Respondent.
__________________________________/

**O R D E R**

Pending before the Court is Respondent's motion to dismiss the *pro se* Petitioner's complaint for a variety of reasons pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. After carefully considering the allegations of Petitioner's complaint, accepting those allegations as true, and construing those allegations more liberally than if drafted by an attorney, as the Court must due when considering the merits of a *pro se* litigant's complaint,[1] the Court is of the opinion that the motion is due to be granted because it is readily apparent from the face of Petitioner's complaint that he is wholly unable to state a claim for relief as a matter of law.[2]

---

[1] See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

[2] This case represents the latest of Plaintiff's ever-continuing saga of filing lawsuits in this district with regard to his disputes with the Internal Revenue Service, all of which have been determined to have no merit. See case numbers 8:02cv1465; 8:03cv2520; 8:05cv2124;

Petitioner's sole complaint is that the Internal Revenue Service (the IRS) is unlawfully levying in excess of 15% of his monthly social security benefits with regard to his liability for unpaid income taxes. He therefore requests the following relief: (1) a determination that the IRS "violated the law when it took more than 15% of Petitioner's Social Security benefit checks during the time the alleged levies began in October of 2003;" (2) "ORDER that the Internal Revenue Service discontinue any and all levies of Petitioner's Social Security benefit checks in excess of 15% in the future;" (3) "ORDER that the Respondent refund all those monies taken in excess of 15% of each and every benefit check upon which excessive levies have been made;" and (4) "ORDER that the Respondent pay interest on the monies unlawfully taken from Petitioner's Social Security benefit checks."

Respondent mounts a facial attack on the Court's subject matter jurisdiction, contending that Petitioner's complaint fails to establish such jurisdiction by failing to identify a waiver of sovereign immunity that confers subject matter jurisdiction over this action and by failing to plead sufficiently Petitioner exhausted his administrative remedies prior to instituting a tax refund suit. Respondent also contends that subject matter jurisdiction is precluded by the Anti-Injunction Act, 26 U.S.C. § 7421(a) and the Declaratory Judgment Act, 28 U.S.C. § 2201(a). Although Respondent's arguments have

8:06cv903; and 8:07cv799. This case likewise has no merit, as will be explained in the body of this order, such that allowing Petitioner to respond to Respondent's motion to dismiss would be an exercise in futility.

merit and individually support the dismissal of Petitioner's complaint, this case can be disposed of on a narrower basis -- even assuming the truthfulness of Petitioner's facts alleged in support of relief, there is nothing unlawful about the IRS levying more than 15% of his social security benefit payments.

As Respondent correctly points out in its argument in support of dismissal under the Anti Injunction Act, "[a]ssuming, arguendo, that the IRS has levied in excess of 15% of Plaintiff's social security benefit payments, multiple courts have held that it is lawful to do so. *See Hines v. United States*, 658 F. Supp. 2d 139, 146 (D. D.C. 2009) (social security retirement benefits not subject to 15% levy found in 26 U.S.C. § 6331(h)); *Beam v. United States*, 2007 U.S. Dist. LEXIS 42903 [2007 WL 1674083] (D. Or. 2007)."[3] The Court has reviewed the rationale of those cases, as well as United States v. Marsh, 89 F.Supp.2d 1171 (D. Hawaii 2000) and Duran v. IRS, 2009 WL 700518 (E.D. Calif. 2009), and concludes, in line with the reasoning of all four of those cases, that there is no statutory prohibition preventing the IRS from levying in excess of 15% of an individual's social security benefit payments. Given this well-supported legal conclusion, it would be futile and a waste of judicial resources to allow Petitioner to file an amended complaint.

---

[3] Respondent candidly acknowledges in footnote 5 that one court has held to the contrary. See In re Anderson, 250 B.R. 707, 710 (Bankr. D. Mont. 2000) (determining that "any future levies by the IRS on Anderson's social security benefits should be limited to the 15 percent limitation contained in [26 U.S.C.]§ 6334(h)."). The Court agrees with Respondent's assessment that this "decision provides only a limited rationale for its decision based on a single, unexplained quote within the legislative history."

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED**:

Respondent's Motion to Dismiss (Dkt. 9) is granted. The Clerk is directed to enter judgment for Respondent and to close this case.

**DONE AND ORDERED** at Tampa, Florida, on January 14, 2011.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
*Pro se* Petitioner
Counsel of Record