FILED

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA**
— Tampa Division —

11 FEB 11 AM 10: 45

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

ERNEST ENAX,

Plaintiff,

-vs-

COMMISSIONER OF
INTERNAL REVENUE,

Defendant.

Docket No. 8:10-CV-02652-RAL-TBM

---

**REQUEST REGARDING ALLOWANCE OF SUBMITTANCE
OF A BRIEF IN OPPOSITON TO DEFENDANTS' MOTION TO DISMISS
*and*
MOTION TO RECONSIDER ORDER UPHOLDING
WITHHOLDING OF SOCIAL SECURITY BENEFITS IN
EXCESS OF AFFORDANCE OF PUBLIC LAW**

---

COMES NOW the Plaintiff *pro se*, Ernest Enax ("Mr. Enax"), and files this "Request Regarding Allowance of Submittance of a Brief in Opposition to Defendants' Motion to Dismiss *and* Motion to Reconsider Order upholding Withholding of Social Security Benefits in Excess of Affordance of Public Law."

Mr. Enax was not afforded the opportunity to oppose the Defendants' "United States' Motion to Dismiss with Memorandum of Law in Support," because this Court issued an ORDER the day after the Defendants filed the aforementioned motion to dismiss.

This motion is made pursuant to the provisions of FRCP Rule 60, perhaps Rule 59 and whichever other rules may be applicable.

A. **Introduction**

The Defendant in this action, "Commissioner of Internal Revenue," or, as the attorneys for the defendant would prefer, the "United States of America," is hereinafter referred to as the "Government."[1]

It is clear that the Respondent "Commissioner of Internal Revenue," or the "United States," (or whomever the wrongdoers in this matter are concerned), rely upon invective and slander to characterize Mr. Enax as a "Tax Protester" who has a poor sense of moral values.[2] Yet such mischaracterization is oftentimes resorted to in legal briefs involving the Internal Revenue Service ("IRS") where legal arguments are feeble. The Respondent's said brief is nothing less than a sidetrack of legal arguments that never touch any of the material issues, such as Congress' 15% cap on IRS levies on Social Security Pension Benefit payments. The Respondents meander upon matters involving permission to sue, the Anti-Injunction Act, and numerous other irrelevant legal matters, thereby totally obfuscating or outright avoiding Title 26 U.S.C. § 7433, which suffices as "permission to sue."

However, facts and law are stubborn things; and that is what we shall examine hereinafter to get to the truth of the matter.

---

[1] Interestingly, when employees of the Internal Revenue Service violate the law, hence acting in their individual capacity, are deemed "The United States of America," enjoying the full benefits of free government attorneys to defend them at the expense of taxpayers.

[2] E.g., "*This case represents the latest of Plaintiff's ever-continuing saga of filing lawsuits in this district with regard to his disputes with the Internal Revenue Service, all of which have been determined to have no merit....*"

### "Sovereign immunity" is inapplicable in this matter, for "permission to sue" is found in Title 26 U.S.C. § 7433

It is clear that the Government claims that there is no permission to sue the Defendants in this case, claiming "sovereign immunity." However, even government officials are not immune from rectifying their unlawful acts in America's courts, as per black letter law. This "permission to sue" was granted by an Act of Congress codified in Title 26 U.S.C. § 7433 of the United States Code, and states, in relevant part,

> *§ 7433. Civil damages for certain unauthorized collection actions*
> *(a) In general*
> *If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.*

We see that a waiver of "sovereign immunity" exists, if there is a showing of a wrongful collection of a "tax" by an employee of the Internal Revenue Service.

As such, is there a wrongful collection of an income tax, which would allow for invocation of the remedy at law Congress provided for in 26 U.S.C. § 7433? The answer to that question is "yes," because Congress did not provide for collections from Social Security benefits over the amount of 15%, none of which exist here. In other words, the IRS' employee(s) broke the law when they took more than 15% from Mr. Enax's Social Security benefit checks.

### The law does not allow the Internal Revenue Service or its employees to take more than 15% of Social Security benefit checks, even where a legitimate levy exists.

The law, if one were to care to examine it, indicates that taking more than 15% of a person's Social Security benefit checks, is never allowed, as a matter of law, excepting in rare circumstances which do not exist here. To begin, Title 26 U.S.C. § 6331 states in relevant part:

> *Title 26 U.S.C. § 6331*
> *(h) Continuing levy on certain payments.--*
> *(1) In general.--If the Secretary approves a levy under this subsection, the effect of a levy on specified payments to or received by a taxpayer shall be continuous from the date such levy is first made until such levy is released. Notwithstanding section 6334, such continuous levy shall attach to up to **15 percent** of any specified payment due to the taxpayer.*
> *(2) Specified payment.--For the purposes of paragraph (1), the term "specified payment" means--   \* \* \* **(B) any payment described in paragraph (4), (7), (9), or (11) of section 6334(a)**....* [Emphasis added]

Clearly, such "levy is deemed "continuous," and Congress mandates that it may attach up to 15%, and no more. <u>This is what Congress mandated</u>.

We next look to Title 26 U.S.C. § 6334(a)(11)--§ 6334 having been referred to in § 6331 shown above:

> *Title 26 U.S.C. § 6334(a)(11)* **Certain public assistance payments**
> *Any amount payable to an individual as a recipient of public assistance under -*
> *(A)title IV or title XVI (relating to supplemental security income for the aged, blind, and disabled) of the **Social Security Act**, or*
> *(B)State or local government public assistance or public welfare programs for which eligibility is determined by a needs or income test.* [Emphasis added]

Of course, in the ORDER of January 14, 2011, an adverse decision was delivered, without affording Mr. Enax an opportunity to rebut the Defendants motion to dismiss, relied heavily upon a court case emanating from Washington D.C., *Hines v. United States*

4

*et al.*, 658 F.Supp.2d 139. Of course, a Washington D.C. court is a poor substitute for an Act of Congress, in this Republic. Nonetheless, this case does not even deal with the material issues at hand. True, the Court noted that Title 26 U.S.C. § 6331 can allow for levy to be made against Social Security benefit checks; yet the Court erred in confusing the applicability of a "one time levy" with a continuous levy. While it is clear that a levy of the type placed upon Mr. Enax's benefits were continuous, in contradistinction to a "one time levy" as shown above, even if a levy upon said benefits were to be of the "one time levy" as the *Hines* Court postulated, it would be necessary to send a Notice of Levy at a time that the benefit check was due to Mr. Enax, yet before said funds were paid to Mr. Enax. This is a matter which is worthy of briefing in greater detail, in the event that this error were corrected, short of appeal. This Court should VACATE its ORDER of dismissal and order briefing on this matter, if it needs more information to make a just decision in this matter.

### "Anti-Injunction Act," "Refund Suit," and other extraneous arguments of defendants are ludicrous.

To say that a person upon whose Social Security benefit checks are unlawfully levied is to be denied the remedy Congress provided for in Title 26 U.S.C. § 7433 is ludicrous. Indeed, this would render the mandate of Congress meaningless.

Other off-point arguments are raised, such as the applicability of the "Declaratory Judgment Act" (Title 28 U.S.C. § 2201) and the Federal Tort Claims Act. These are mere red herrings, since Congress already granted permission to sue in Title 26 U.S.C. § 7433—hence, this Court need not consider such frivolous arguments. Sovereign

immunity arguments are ludicrous.

WHEREFORE, Plaintiff prays that this Court allow Plaintiff to submit a "Brief in Opposition to United States' Motion to Dismiss"; to reconsider its ORDER upholding the withholding of the Internal Revenue Service's withholding from Plaintiff's Social Security benefit checks; and to ORDER restitution by Defendant of the monies withheld from Plaintiff's Social Security benefit checks which were in excess of 15%.

Respectfully submitted this 11th day of February, 2011.

Ernest Enax
6319 12th St. N.
St. Petersburg, Florida  33702

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2011, I mailed a copy of this file to:
Trial Attorney
Michael W. May
Tax Division, U. S. Department of Justice
Office Box 14198, Ben Franklin Station
Washington, D.C. 20044.

*[signature]*

Ernest Enax
6319 12th St N
St. Petersburg, FL 33702

7