[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11007
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 24, 2012
JOHN LEY
CLERK

D.C. Docket No. 8:10-cv-02652-RAL-TBM

ERNEST ENAX,

                                                            Plaintiff-Appellant,

versus

COMMISSIONER OF IRS,

                                                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 24, 2012)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Ernest Enax pro se appeals the district court's dismissal of his action against the Commissioner of the Internal Revenue Service ("IRS") for improperly levying his social security benefits. The district court dismissed Enax's complaint for failure to state a claim. After review, we conclude the district court lacked subject matter jurisdiction to reach the merits of Enax's claim and remand for the entry of an order dismissing Enax's complaint on that ground.[1]

## I.  BACKGROUND FACTS

Enax's complaint alleged that beginning January 2007, the IRS levied over fifteen percent of his social security benefit, in violation of 26 U.S.C. § 6331(h). On March 30, 2010, Enax sent a certified letter to the local Taxpayer Advocate Service and to the IRS demanding that "the IRS discontinue any and all levies" of his social security benefit checks in excess of fifteen percent and "refund all those monies taken in excess" of fifteen percent. However, the IRS continued to levy his social security benefit. Enax's complaint sought an order: (1) finding that the IRS violated the law when it took more than fifteen percent of Enax's social security benefit; (2) prohibiting the IRS from levying more than fifteen percent of

---

[1] We review de novo whether the district court had subject matter jurisdiction. Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294 (11th Cir. 2008).

2

Enax's social security benefit in future; and (3) requiring the IRS to "refund all those monies taken in excess of" fifteen percent, plus interest.

The IRS filed a motion to dismiss, arguing, <u>inter alia</u>, that the district court lacked subject matter jurisdiction because Enax had failed to plead an applicable waiver of sovereign immunity and did not comply with the prerequisites of a tax refund suit. The district court granted the IRS's motion to dismiss. Although the district court stated that the IRS's jurisdictional argument had merit, it dismissed Enax's complaint because it concluded that the IRS may levy in excess of fifteen percent of an individual's social security benefit payments. The district court denied Enax's subsequent motion for reconsideration and request to file a brief in opposition to the IRS's motion to dismiss.[2] Enax appealed.[3]

## II. DISCUSSION

The United States has sovereign immunity from suit unless it consents to be sued, and the statute consenting to suit "define[s] [the district] court's jurisdiction

---

[2] Given that the district court lacked subject matter jurisdiction, we find no reversible error in the district court's granting of the IRS's motion to dismiss before Enax could file a brief in opposition. See <u>Chudasama v. Mazda Motor Corp.</u>, 123 F.3d 1353, 1366-67 (11th Cir. 1997) (explaining that the district court does not abuse its discretion in managing its docket where the litigant's rights are not materially prejudiced).

[3] Although Enax's <u>pro se</u> notice of appeal specified that he was appealing the district court's February 11, 2011 order denying his motion for reconsideration, it is overwhelmingly clear from his appellate brief that he also intended to appeal the district court's January 14, 2011 order dismissing his complaint and January 18, 2011 judgment. See <u>KH Outdoor, LLC v. City of Trussville</u>, 465 F.3d 1256, 1260 (11th Cir. 2006).

to entertain the suit." Christian Coalition of Fla., Inc. v. United States, 662 F.3d 1182, 1188 (11th Cir. 2011) (quotation marks omitted). Under 28 U.S.C. § 1346(a), the district court has original jurisdiction to hear a civil action against the United States "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claims to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws[.]" 28 U.S.C. § 1346(a). However, before a taxpayer may bring such an action against the IRS, the taxpayer must first file an administrative claim with the IRS for a refund or credit "according to the provisions of law in that regard" and any applicable regulations. 26 U.S.C. § 7422(a); see also 26 C.F.R. § 301.6402-2(a).

These requirements include, inter alia, the full payment of all taxes owed to the IRS. Flora v. United States, 357 U.S. 63, 68, 78 S. Ct. 1079, 1083 (1958), aff'd on reh'g, 362 U.S. 145, 80 S. Ct. 630 (1960). In addition, the administrative claim must be "verified by a written declaration"; set forth "in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis" of the claim; and use the appropriate tax refund form. 26 C.F.R. §§ 301.6402-2(b), 301.6402-3(a). The administrative claim also must be filed within three years of the filing of the return or within two years of

the tax being paid. 26 U.S.C. § 6511(a); Wachovia Bank, N.A. v. United States, 455 F.3d 1261, 1269 (11th Cir. 2006). If the taxpayer does not comply with these requirements, the district court does not have jurisdiction to entertain the tax refund suit. Id. at 1264.

Here, Enax does not contend that he complied with any of these requirements before filing his tax refund suit. Specifically, Enax does not claim he paid the full sum of taxes owed, and, indeed, his request to prevent the IRS from taking more than fifteen percent of his social security benefits going forward indicates that he has not done so. Although Enax wrote a letter to the IRS, he did not file a verified administrative claim using the proper tax refund form. Moreover, to the extent his March 10, 2010 letter was an attempt to file an administrative claim, it appears to have been untimely given that Enax's social security benefits were levied by January 2007, over three years earlier.

Enax argues that Congress waived sovereign immunity by enacting 26 U.S.C. § 7433, which provides a civil action for "actual, direct economic damages" resulting from an unauthorized collection action. See 26 U.S.C. § 7433(a), (b)(1). The problem for Enax is that his complaint did not seek actual damages or allege that he had incurred any actual pecuniary losses as a result of the allegedly improper collection of taxes. See 26 C.F.R. § 301.7433-1(b)

5

(defining "actual, direct economic damages" as "actual pecuniary damages sustained by the taxpayer as the proximate result of the reckless or intentional, or negligent, actions" of the IRS).[4]  Instead, Enax sought to recover those allegedly improperly collected taxes from his social security benefit, i.e., a tax refund suit. See 26 U.S.C. § 7422(a) (defining a tax refund suit as one "for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected"); see also 26 C.F.R. § 301.6331-1 (providing authority to IRS district directors to collect unpaid taxes by levy).  Before bringing such a tax refund suit, Enax was required to exhaust his claim administratively, and his failure to do so barred the district court from entertaining it.[5]

Where the district court lacks subject matter jurisdiction, "it ha[s] no power to render a judgment on the merits." Crotwell v. Hockman-Lewis Ltd., 734 F.2d 767, 769 (11th Cir. 1984).  Accordingly, we vacate the district court's judgment and remand for the district court to dismiss Enax's complaint for lack of subject

---

[4] Enax never asked to amend his complaint to assert a damages claim and does not argue on appeal that the district court should have allowed him to do so before dismissing his complaint. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (stating that issues not raised in pro se litigant's brief are abandoned)

[5] To the extent Enax sought prospective declaratory or injunctive relief, his claims were barred by the Anti-Injunction Act, 26 U.S.C. § 7421, and the federal tax exemption to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), and, thus, the district court lacked subject matter jurisdiction over those claims as well. See Christian Coalition of Fla., Inc. v. United States, 662 F.3d 1182, 1190-94 (11th Cir. 2011).

matter jurisdiction.[6]

**VACATED AND REMANDED.**

---

[6]Enax's motion to file a reply brief out of time is granted.

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

May 24, 2012

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 11-11007-CC
Case Style: Ernest Enax v. Commissioner of IRS, et al
District Court Docket No: 8:10-cv-02652-RAL-TBM

Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Joe Caruso, CC at (404) 335-6177.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1 Ntc of Issuance of Opinion